**PRESTON CORPORATION, Plaintiff,**

v.

**Oliver W. REEVES and Calhoun First National Bank, Trustee and Individually, and Trust Company Bank of Northwest Georgia, N.A., Trustee, Defendants.**

Civ. A. No. 4:–88–cv–194–HLM.

United States District Court,
N.D. Georgia,
Rome Division.

Feb. 15, 1991.

---

C. King Askew, Robert Maddox Brinson, Brinson Askew & Berry, Rome, Ga., for plaintiff.

Paul T. Carroll, III, Virginia Barrow Harman, Hine Carroll & Niedrach, Rome, Ga., Thomas C. Harney, John Franklin Beasley, Jr., Kilpatrick & Cody, Atlanta, Ga., Jackson Baldwin Harris, Jo Henderson Stegall, III, Jule W. Peek, Jr., Shaw Maddox Graham Monk & Boling, Rome, Ga., for defendants.

Frank H. Jones, Jones Byington Durham & Payne, Rome, Ga., for third-party defendants.

### ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on cross motions for summary judgment. The facts in this case are clear and undisputed. The question presented is whether a former trustee can obtain reimbursement for legal fees expended in defense of its actions while trustee of the estate.

On December 23, 1982, Oliver W. Reeves and Calhoun First National Bank ("Calhoun Bank") established an irrevocable trust ("Reeves Trust") naming Calhoun Bank as Trustee. Calhoun Bank remained trustee until November 12, 1987, at which time Trust Company Bank ("Trust Company") became trustee of the Reeves Trust.

On January 21, 1985, during Calhoun Bank's tenure as trustee, The Reeves Trust and Calhoun Bank entered into an agreement with Preston Corporation for the sale of a trucking business. On August 12, 1988, after Calhoun Bank had resigned as trustee, Preston Corporation filed a complaint against O.W. Reeves and Calhoun Bank, based on the agreement. The complaint alleged, among other things, breach of representations and warranties. In March of 1989 Trust Company, as current trustee of the Reeves Trust was added as a defendant. Calhoun Bank filed a cross claim against Trust Company asking for indemnification and reimbursement of its expenses.

Both Calhoun Bank and Trust Company were relieved of liability by order of this Court on June 20, 1990. Calhoun Bank had expended some $35,000.00 in litigation expenses, including attorney's fees, in its defense of the action. Calhoun Bank seeks to recover these expenses through the present action.

Calhoun Bank points out that the right of a trustee to recover expenses of administration, including attorneys's fees, from trust funds is clearly established. *Snook v. Trust Company of Georgia Bank of Savannah*, 909 F.2d 480 (11th Cir.1990); *Gray v. First National Bank of Dallas*, 393 F.2d 371 (5th Cir.1968). Calhoun Bank argues that its resignation as trustee prior to incurring the legal fees involved in defending its actions as trustee should not effect this right of reimbursement. Calhoun Bank argues further that forcing a

former trustee to bear such expenses would reduce the renumeration the former trustee was entitled to under the trust agreement, create a disincentive to acceptance of the trusteeship, and inevitably raise the rates charged by professional fiduciaries.

Trust Company, on the other hand, focuses its argument on the contract between the former trustee and the trust. Trust Company contends that since no provision of either the original trust agreement or the severance of trusteeship agreement provides for recovery of expenses of litigation after the end of the trusteeship, to allow such a recovery gives the former trustee a benefit it did not bargain for. Trust Company cites *Limouze v. M.M. & P. Maritime Advancement, Training, Education and Safety Program*, 397 F.Supp. 784 (Dist.Md., 1975) for the proposition that such agreements are valid and enforceable. Trust Company also argues that since there is no fiduciary relationship between a beneficiary and a former trustee, the beneficiary has no control over the activities of the former trustee. Trust Company concludes that there must be some cutoff to the right of reimbursement, and in the absence of an agreement to the contrary, that point should be the termination of the trustee relationship.

It seems that the question of whether a former trustee may obtain reimbursement from the trust for the cost of defending its actions while trustee has not been addressed by a Court in this jurisdiction or anywhere else. In dealing with this issue, this Court notes at the outset that there is no question of the reasonableness of the legal fees incurred. The Court also notes that since there is no express provision in the trust agreement allowing reimbursement of a former trustee's legal expenses, Trust Company, as current trustee, may be liable to the trust beneficiaries for misallocation of funds were it to simply pay the former trustee's expenses without a court order. This in mind, it is likely that even if Calhoun Bank had requested Trust Company's permission to retain counsel, the request would have been denied.

It appears clear that were it not for Calhoun Bank's agreement to act as trust-ee of the Reeves Trust, Calhoun Bank would never have been a party to the suit filed by Preston Corporation. It also appears clear that there is no issue as to Calhoun Bank's authorization to enter the agreements which led to the lawsuit. Since the trust agreement did not expressly deal with the issue of a former trustee's right of reimbursement, however, this Court must construe a rule.

■ In the view of this Court, Calhoun Bank was certainly entitled to defend itself when called upon to answer for its acts on behalf of the Reeves Trust. We hold that in the absence of malfeasance or misfeasance, a former trustee's defense of its actions as trustee, even if done after the termination of the trust relationship, is chargeable against the trust.

■ Applying this rule to the case at bar, Calhoun Bank is entitled to collect its expenses, including legal fees, incurred in defending its actions while trustee of the Reeves Trust.

Accordingly, Calhoun Bank's Motion for Summary Judgment is GRANTED, and Trust Company's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.